UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THOMAS FIELDS<br>    BOP #21483-016 | CIVIL ACTION NO. 11-1746<br>SECTION P |
| VS. | JUDGE MINALDI |
| WARDEN JOE YOUNG, FEDERAL<br>CORRECTIONAL CENTER, OAKDALE | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Thomas Fields filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). At the time of filing, he was incarcerated at the Federal Correctional Institute, Oakdale, Louisiana (FCI-O) and complains about his housing placement at that facility. However, petitioner was subsequently transferred to USP-Lewisburg, Lewisburg, Pennsylvania.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Background*

Petitioner challenges his placement in the Special Management Unit (SMU) at FCI-O. Petitioner states that he was placed in SMU on October 11, 2011. He claims that the offense that he was charged with does not meet the criteria for such placement. Thus, he contends that he should be transferred to the general population. Doc. 5, p. 5. From the records submitted by petitioner, it appears that he was placed in SMU following his confinement in the Special Housing Unit at FCC Pollack where he was charged on October 28, 2010 with possession, manufacture, or introduction of a hazardous tool. (Doc. 1, att. 2, p. 3).

1

As a relief, petitioner seeks removal from SMU and placement into the general population.

*Law and Analysis*

First, this court must determine whether the petition filed plaintiff actually seeks *habeas corpus* relief as plaintiff advances, or is more of the nature of a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1]

In general a civil rights suit is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166,168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989), *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996),

Based upon a review of the pleadings, it is clear that petitioner has asserted a civil rights claim. Specifically, his allegations do not implicate the overall length of his confinement but rather the rules, customs, and procedures affecting his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Petitioner is not challenging his conviction or asserting he should not be in custody. Thus, petitioner has failed to state a claim for which relief can be granted and this matter should be dismissed.

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *Broadway v. Beck*, 694 F.2d 979, 981 (5th Cir.1982)(actions of federal officials taken under color of federal law cannot form the basis of a suit under section 1983).

Furthermore, since plaintiff has been transferred from FCI-O and the relief requested is no longer available, the matter is now moot. See *U. S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* that constitutes civil rights claims as described herein be **DENIED AND DISMISSED WITHOUT PREJUDICE** to petitioner's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE